IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RODERICK LEWIS JONES, | § | |
|          Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-730-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|          Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Roderick Lewis Jones, TDCJ #1269158, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Bridgeport, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. FACTUAL AND PROCEDURAL HISTORY

Jones is serving an eight-year sentence on his 2004 state conviction for possession of a

controlled substance in the 372nd District Court of Tarrant County, Texas, Case No. 0898454D. (State Habeas R. at 70)[1] Although eligible for mandatory supervision release, the Texas Board of Pardons and Paroles (the Board) denied Jones release to mandatory supervision on August 3, 2007, pursuant to § 508.149(b) on the Texas Government Code.[2] (Id. at 55) Jones's next review date was set for August 2008. (Id.) Jones filed a state habeas application, raising the claim presented herein, which was denied by the Texas Court of Criminal Appeals without written order. (Id. at cover) This federal petition followed.

D. ISSUES

Jones claims the Board has not followed established procedures and guidelines in denying his release to mandatory supervision under § 508.149(b), in violation of constitutional due process. (Petition at 7; Pet'r Memorandum at 8-5-16.)

E. RULE 5 STATEMENT

Jones has sufficiently exhausted his state remedies as to the claims presented. 28 U.S.C. § 2254(b),(c).

---

[1] "State Habeas R." refers to the record of Jones's state habeas Application No. WR-68,740-02.

[2] Section 508.149(b) provides:

    (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
        (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and

        (2) the inmate's release would endanger the public.

TEX. GOV'T CODE ANN. § 508.149(b) (Vernon Supp. 2007).

2

F. DISCUSSION

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of Jones's sentence must arise from state law.

The Texas mandatory supervision scheme creates a constitutional expectancy of early release entitled to minimum due process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the Texas Court of Criminal Appeals has determined that, under these circumstances, constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release and informed of the specific month and year he will be next reviewed. *Id.* at 560; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

On 1, 2007, Jones was notified that the Board would review his file for discretionary mandatory supervision release within thirty days of his projected release date of August 29, 2007. (Resp't Answer, Exhibit A at 3) He was informed that if he wished to submit any additional

3

information, he should do so in writing before July 15, 2007, to the Parole Division. (Id.) Thereafter, on August 3, 2007, the Board decided to deny Jones discretionary mandatory supervision release and notified him of its decision, the reasons for its decision, and that his case would be reviewed again in August 2008. (State Habeas R. at 55)

Notwithstanding his good behavior in prison, Jones has not demonstrated that the Board's decision, or the state court's rejection of his claims, is contrary to clearly established federal law or is otherwise unreasonable in light of his extensive criminal background. 28 U.S.C. § 2254(d). As a matter of state and constitutional law, it appears Jones was afforded all the due process he was entitled. His argument that § 508.149(b) allows the Board unfettered discretion in denying release to otherwise eligible inmates using boilerplate language is unpersuasive. The statute calls on the Board to evaluate the inmate's potential for rehabilitation and whether his release would endanger the public. The Texas Court of Criminal Appeals has held these are valid concerns in making the release decision and are not so vague as to provide the Board with no guidance in their decision. *Ex parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000). This construction is binding on this court. *Ferguson v. Estelle*, 718 F.2d 730, 733 n.5 (5th Cir. 1983). The Board made the determination that Jones's accrued good conduct time is not an accurate reflection of his potential for rehabilitation and that his release would endanger the public and it listed four additional factors contributing to its decision. The Board fulfilled all due process requirements.

## II. RECOMMENDATION

Jones's petition should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 23, 2008. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 23, 2008, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby

is returned to the docket of the United States District Judge.

SIGNED July 2, 2008.

     /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE